UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DONGDONG HUANG,<br><br>        Plaintiff,<br><br>   v.<br><br>CONTINENTAL TIRE THE AMERICAS, LLC,<br><br>        Defendant. | Case No.  2:10-cv-12598<br>Hon. Robert H. Cleland<br>Magistrate Judge Paul J. Komives |

### STIPULATED ORDER TERMINATING DEFENDANT'S MOTIONS TO EXCLUDE EVIDENCE OF A POST-SALE DUTY TO WARN [53] AND EXCLUDE EVIDENCE OF A DUTY TO RECALL[54]

Upon stipulation of the parties,

IT IS HEREBY ORDERED THAT Plaintiff (1) shall not assert or argue, through submissions, statements or examination of witnesses, that Defendant had a duty to recall, modify or retrofit the subject General Ameri*GS60 P215/70R15 tire in this case ("Subject Tire") after its sale, (2) shall instruct his witnesses not to testify that the Defendant should have recalled, modified or retrofitted the Subject Tire after its sale, and (3) shall not introduce evidence that is relevant only to the proposition that Defendant had such a duty;

IT IS FURTHER ORDERED THAT Plaintiff (1) shall not assert or argue, through submissions, statements or examination of witnesses, that Defendant had a post-sale duty to warn, publicize or notify consumers of an alleged defect or potential defect in the

1

Subject Tire, (2) shall instruct his witnesses not to testify that the Defendant should have warned, publicized or notified consumers of an alleged defect or potential defect in the Subject Tire, and (3) shall not introduce evidence that is relevant only to the proposition that Defendant had such a duty;

Subject to and without limiting the foregoing, this order does not preclude Plaintiff from introducing evidence that is otherwise admissible and relevant to another material proposition in this case including, but not limited to, Plaintiff's claims, a requisite element of each such claim, or a practical and technically feasible alternative production practice or design;

IT IS FURTHER ORDERED THAT Defendant's motion to exclude evidence relating to a post-sale duty to warn [Dkt. # 53] and motion to exclude evidence relating to an alleged duty to recall [Dkt. # 54] are TERMINATED.

IT IS SO ORDERED:

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated:  March 14, 2012

SO STIPULATED AND AGREED:

| | |
|---|---|
| MORGAN & MEYERS | BROOKS WILKINS SHARKEY & TURCO PLLC |
| | |
| By: s/<u>with consent of Justin J. Hakala</u><br>Justin J. Hakala, Esq. (P72996)<br>Jeffrey T. Meyers (P34348)<br>3200 Greenfield, Suite 260<br>Dearborn, MI 48120-1802<br>(313) 961-0130<br>jhakala@morganmeyers.com<br>jmeyers@morganmeyers.com | By:  s/<u>Maureen T. Taylor</u><br>Edward M. Kronk (P16258)<br>Herbert C. Donovan (P51939)<br>Maureen T. Taylor (P63547)<br>401 S. Old Woodward, Suite 400<br>Birmingham, Michigan  48009<br>(248) 971-1800<br>Kronk@bwst-law.com<br>Donovan@bwst-law.com<br>Taylor@bwst-law.com |